## INJURY TO DRIVER WHOSE HORSE SHIED AT APPROACHING AUTOMOBILE.

Circuit Court of Cuyahoga County.

F. H. KRAMER v. GEORGE BLAKE.

Decided, December 19, 1910.

*Negligence—Charging Contributory Negligence. Where Answer Alleges Plaintiff Was Negligent—Charge as to Inevitable Accident.*

1. In a personal injury damage case, where the answer of the defendant contains not only a denial of negligence on his part, but also alleges that the plaintiff was injured either by reason of an inevitable accident, or by his own negligence, it is not error for the court to charge the jury with regard to contributory negligence. *Traction Co.* v. *Forrest*, 73 O. S., 1, and *Traction Co.* v. *Stevens, Admr.*, 75 O. S., 171, distinguished.

2. No specific request being made thereto, it is not error to neglect to say to the jury that the plaintiff can not recover in case his injury was received as the result of an inevitable accident, though the answer alleges such to be the fact and there was some evidence tending to establish it, if the court distinctly charges the jury that there can be no recovery unless the evidence shows that the defendant was negligent and that his negligence, proximately caused the injury.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Blake was plaintiff below and Kramer the defendant, and though the parties are here reversed they will be spoken of as they stood in the case below.

On the 30th of May, 1908, the defendant was operating an automobile upon the public highway in Springfield township, Erie county, Pennsylvania. At the same time the plaintiff was driving a horse hitched to a wagon, upon the same highway. This was a much traveled road. The vehicles, in which were these two parties, met at a place in this highway; the automobile going southerly and the horse and wagon northerly. The place of meeting was in a hollow, between a slight elevation of the road to the north, and another slight elevation to the south from such hollow; at the eastern side of the road, the side on which

the plaintiff was driving, there was immediately at the east of the traveled road a steep declivity of eighteen or twenty inches. At the place where the two vehicles passed one another the road was wide enough so that by careful driving on the part of both they could have passed without a collision. Indeed, there was sufficient room to the east of the easternmost part of the automobile, at the place of meeting, so that the wagon of the plaintiff could have passed the automobile without a collision. As a matter of fact, the horse of the plaintiff was turned so far to the right at the point where the vehicles met as that the wagon overturned and the plaintiff was severly injured.

Suit was brought by the plaintiff charging that his injuries were the direct result of the negligence of the defendant; that defendant was driving his automobile at a terrific rate of speed, and a speed that was greater than was reasonable and proper; that he came down in the valley from the hill at such speed toward the plaintiff that the plaintiff's horse frightened and turned to the right, resulting in the accident. The plaintiff further alleges that when he saw the automobile approaching him, he raised his hand to indicate to the defendant that he, the plaintiff, was in danger from the automobile, and that this warning was wholly unheeded by the defendant, but that he came on without slackening his speed at all, thus forcing the plaintiff over the declivity.

The result of the trial was a verdict and judgment for the plaintiff. After the verdict a motion for a new trial was filed, alleging as ground for such new trial, among other things, that the verdict was not sustained by the evidence.

The evidence tended to show that the automobile was going at a very high rate of speed at the time it came in sight of the plaintiff from the top of the elevation at the north and that it continued at such very high rate of speed until it had passed the plaintiff; that the horse of the plaintiff, though a quiet horse, was somewhat frightened at the approach of the automobile, and that the plaintiff was also frightened at its approach.

On the part of the defendant evidence was introduced tending to show that the speed of the automobile was not high, but with the several witnesses produced on the part of the plaintiff

as to such speed, against the testimony of witnesses on the part of the defendant as to such speed, we would not be justified in reaching the conclusion that the jury was manifestly wrong in believing the witnesses for the plaintiff that the speed was very high, up to twenty-five or thirty-five miles an hour. True, one witness on the part of the defendant testified that the speed was slackened as it went down the hill, the language used by her being: "We gradually got slower as we went down the hill; it was a gradual descent and we went down about five miles an hour." Then she was asked, how do you know you got down to five miles an hour, and she answered: "We looked at the speedometer. I thought that the machine had stopped, it was going at the rate of five miles an hour when we passed him." It is not surprising that the jury should have regarded this testimony as being wholly mistaken. First, it is inconceivable that one riding in a vehicle at the rate of five miles an hour should have supposed that it was standing still until she looked at a device for indicating whether it was moving or not, and found it to be moving at the rate of five miles an hour. The only possible way of accounting for this is either that the witness was somewhat excited by the accident and its surroundings or somewhat confused at the time she gave her evidence, and so did not quite understand what she said, or that the automobile in which she was riding with the defendant had been traveling at such an excessive speed that when it got down to five miles an hour she thought it was not going at all.

The defendant testifies that he did not slacken his speed after he saw the situation of the plaintiff, but he says that he was not going at an excessive speed, and he says that he did not see the plaintiff raise a hand as a warning. The plaintiff and a number of other witnesses say that the hand was so raised, and so the most natural explanation of the fact that the defendant did not see it would seem to be that as he was driving at such speed that he did not notice what the plaintiff was doing. In short, from the evidence in the case, it is not surprising that the jury reached the conclusion that the defendant was driving at a high rate of speed, without giving due care to the danger which might result to the plaintiff from continuing at that high rate of speed,

and yet he says he did not slacken his speed any, but only ex-
plains that by saying that he was going at a slow rate all the time.

If the defendant was driving at a speed of twenty-five miles
or more per hour, with the surroundings as they are shown to be
here, whether such rate was in violation of a statute or not, the
jury might well reach the conclusion that it was a reckless and
careless way of driving; that it injured the plaintiff, either
because his horse was so scared that it turned out and overset
the wagon, or else that the plaintiff, in the fear which might
well be excited in his mind by seeing the machine coming at such
a rate of speed, did not estimate with exactness how near to the
automobile the defendant was driving at a reckless rate of speed,
calculated to scare people or horses who might be apt to meet
him.    If the plaintiff in view of the surroundings exercised such
care as one so situated might ordinarily be expected to use, then
he would not be precluded from a recovery, even though, if he
had calculated exactly the distance between the easternmost line
of the automobile and the declivity over which his machine went,
he would have known that he could avoid a collision without
going over this declivity.

The jury probably wondered somewhat how one could drive
an automobile 100 miles, or thereabouts, in less than four hours,
without driving most of the way at an excessive rate of speed;
the maximum rate allowed by law being twenty miles, both in
Ohio and Pennsylvania.    The statute of Pennsylvania was in-
troduced in evidence.

The court did not err in refusing to sustain a motion for
a new trial on the ground that the verdict was not sustained by
the evidence.

But, it is urged, that the court erred in excluding certain
evidence offered by the defendant.    When the defendant was
himself upon the stand, he was asked this question: ''You may
tell the jury and the court, if you can, at what rate of speed you
were going when you were going down the hill just north of
where this accident occurred; at what rate of speed you went
further down past Mr. Blake?''    This was objected to, and the
court then said:    ''Cross-examine as to his means of knowing be-

fore he answers." Thereupon counsel for the plaintiff examined the witness, as follows:

"Q. Mr. Kramer, anything you may say would be an estimate; you do not know the speed you were going, do you? A. Certainly.

"Q. How do you know it? A. From the way I was driving.

"Q. From the way you car ran? A. Yes, sir.

"Q. You did not look at your speedometer? A. I do not say positively I did at that time."

Whereupon the court said the objection is sustained. We think this was clearly erroneous. The witness said he could say how fast he was going although he could not say he looked at the speedometer. But he said he was accustomed to riding and driving an automobile. Surely one accustomed to driving a horse may say at what rate he was driving, though it would be an estimate, not determined by some exact means of measuring that he had, such as a speedometer. The fact that the witness had a speedometer before him and that he was not looking at it, did not disqualify him from stating the rate at which the machine was going when he says he knew that rate, even though he did not look at the speedometer. On cross-examination it would have developed that it was an estimate, but so is it ordinarily with evidence as to the speed of a railroad train, or the speed at which horses are going. However, since there is no statement as to what it was expected the witness would answer, there can be no reversal because of this error for, for all that appears, the witness might have answered in such wise as to help the plaintiff instead of himself. For all that appears by this evidence, he might have answered: "I was driving at thirty-five miles an hour." In order to take advantage of the erroneous ruling made by the court, an offer should have been made or statement of what it was expected the witness would answer, and if it turned out that it would be to his advantage, and the court excluded it, there might be a reversal by reason of such action of the court, but not as the record here stands.

Without stopping to read what follows in connection with this same matter, it is sufficient to say that the court, after further statement on the part of the witness, that he had driven an

automobile for seven or eight years, and that he had had lots of experience, and was able to judge of the speed, the court still sustained the objection to his answer. We think the action of the court was, as already stated, erroneous. The court seems to have been of the opinion, that unless one could fix exactly the speed at which he was going, he could not answer this question. For the court said, among other things "I say that it is not a matter of opinion evidence; it must be stated as a fact." However, there is another reason why this action of the court would not justify a reversal, and that is, immediately following this, the witness was permitted to answer the question: "You may state to the court and jury whether you were going at a rapid or slow rate of speed." He answered:

"I was going slow.

"How were you going in that respect when you came to Mr. Blake?

"Going very slow."

No objection to either of the questions and the answers given by the defendant was made, and the defendant had all the benefit that he could have expected from any answers he could have given to the questions which were erroneously excluded.

Error is further claimed by reason of the charge of the court. It should be said in this connection, that the answer admitted that the two vehicles met in the place stated in the petition, and that the plaintiff received an injury, such as he says he did, but denies all negligence on the part of the defendant, and then the answer says: "That any accident or injury which plaintiff might have suffered at the time and place in said petition set forth, was the result of inevitable accident or the carelessness and negligence of the said plaintiff."

It is urged that this answer did not set up contributory negligence on the part of the plaintiff, and therefore, that the charge of the court on what would constitute contributory negligence was erroneous; that since the plaintiff said that he was not in any wise negligent and said that the defendant was negligent, that nothing should have been said on the matter of contributory negligence; that that brings into the case an issue not made by the pleadings.

What the court said on the matter of contributory negligence was this:

"It will be for you to say, from the evidence, whether or not the defendant was negligent, as charged, or whether or not the plaintiff was negligent; that his negligence contributed to the injury. The important question to be decided by you in this case is, whose negligence, if it is anyone's, was the proximate cause of the injuries sustained by the plaintiff. Was it the negligence of the defendant or the negligence of the plaintiff that caused the injuries directly?"

As to this the argument is made that not only did the court err in calling attention to the matter of contributory negligence, but also that there was error is not calling attention to the question of whether this was an accident brought about without negligence on the part of either party. As to matter of unavoidable or inevitable accident, for the moment we omit to discuss it until we have further called attention to what was said about contributory negligence. The court also said, in its charge:

"Notwithstanding any negligence of the defendant, if the jury should find that the plaintiff was in fact negligent, the plaintiff can not recover. for he himself is guilty of contributory negligence, as it is called, which contributory negligence was the proximate cause or direct cause of the injuries he received at that time and place."

Up to this point it seems impossible to discover any possible error to the prejudice of the defendant. The plaintiff asks the jury to determine, if they found there was negligence on the part of the defendant, whether the plaintiff was not also negligent, and if so, says to them that a recovery on his behalf would be barred. Suppose that is not true. Suppose that it is not law. Suppose that the plaintiff was being barred of a recovery here which under the pleadings would not bar a recovery. Can the defendant be heard to complain about it? But further and immediately following what was last above quoted, the court said:

"The burden of proving contributory negligence on the part of the plaintiff rests on the defendant, with this qualification, however, that if the testimony introduced by the plaintiff as

to the circumstances under which these injuries were received fairly raises a presumption in your minds, that the plaintiff himself was guilty of contributory negligence, then the burden is upon the plaintiff to remove that presumption.''

Surely if the word ''contributory'' had been omitted from this language and the court had said the burden of proving negligence rests upon the defendant except where the plaintiff's evidence tends to raise a presumption of his negligence, the defendant could not complain, and how is it possible for him to complain because the court said that the burden of proving contributory negligence was on the defendant. For, if the position taken here by the defendant is correct, contributory negligence on the part of the plaintiff, under these pleadings, would not avail the defendant at all. This seems to us wholly untenable. If the plaintiff showed that the defendant was negligent and that such negligence was the proximate cause of his injury, then the theory of the defendant here is that the plaintiff would have been entitled to recover without reference to whether he was himself negligent, because it is said that the answer did not charge the plaintiff with contributory negligence, and that, therefore, the logic of the argument is, that if there was negligence on the part of the plaintiff which only contributed to his injury, and was not the sole cause, such negligence would be no defense. Is it possible that if the plaintiff had shown under the pleadings like these that the defendant was negligent and that such negligence was a proximate cause of the injury, but it had been shown on the part of the defendant that the plaintiff's negligence was also a proximate cause of the injury, that the plaintiff could recover? The question seems to us to answer itself under the well known rules of law.

Our attention is called to the case of *Traction Co.* v. *Forrest,* 73 Ohio St., page 1. In that case it is said in the syllabus:

''Where, in a suit to recover for personal injuries occasioned by the alleged negligence of the defendant, the petition, after stating the facts upon which the plaintiff bases his action, avers that the plaintiff was free from fault and the answer is a general denial, there is no issue of contributory negligence, and where, in such case, the testimony introduced by the plaintiff does not

tend to show contributory negligence, it is error for the court to introduce the element of contributory negligence in its charge to the jury and give instructions thereon. And where it is apparent that the jury may have been misled by such charge to the prejudice of the defeated party, the judgment will be reversed and a new trial awarded.''

An examination of that case shows that the defendant did not plead that the plaintiff was negligent, and so that is to be distinguished from the present case.

Attention is also called to the case of *Traction Co.* v. *Stephens, Administrator,* 75 Ohio St., 171. In this case the answer charged no negligence to the plaintiff, and like the case of *Traction Co.* v. *Forrest, supra,* the case is distinguishable from the one under consideration. We do not feel justified in extending the rule, as stated in the two cases last cited, beyond cases coming practically within the facts of those cases. We can not believe that the Supreme Court ever meant to say that where an answer was filed to a suit for damages on account of negligence, in which answer it is charged that the plaintiff was negligent, there could be a recovery where the defendant is shown to be negligent, if it turns out upon the trial that the plaintiff was also negligent, and that the negligence of each, or the combined negligence of both, proximately caused the injury.

But it is said that the court omitted to charge specially on the matter of inevitable accident. The court did distinctly charge that there could be no recovery unless the evidence showed that the defendant was negligent, and that his negligence proximately caused the injury. Certainly that language distinctly precluded any recovery if the jury should find that the injury was the result of an inevitable accident. No exception was taken at the time of the trial of the case and nothing was said on this subject, nor was any request or suggestion made to the court to charge on that subject.

The result is that we find no error in this record such as would justify a reversal and the judgment is affirmed.